PALMER, J.
 

 Leah Britt appeals the final order entered by the trial court dismissing with prejudice her complaint against appellee, Bank of America. We affirm.
 

 Britt’s complaint alleged that the Bank’s practice of charging non-account holders $5.00 as a condition for cashing payroll checks (written by Britt’s employer, an account holder at the Bank), violates section 655.85 of the Florida Statutes (2008) (which provides that an institution may not settle any check drawn on it otherwise then at par).
 
 [1]
 
 The Bank moved to dismiss Britt’s complaint with prejudice, arguing that Britt’s statutory claim was pre-empt-ed by federal law which permits national banks to charge such fees. The trial court granted the Bank’s motion and dismissed Britt’s complaint.
 

 Britt challenges the trial court’s ruling, arguing that the trial court erred in concluding that the federal law preempts her cause of action. We disagree. Federal law allows national banks to charge convenience fees when cashing checks drawn on the bank.
 
 See
 
 12 C.F.R. § 7.4002 (2008);
 
 see also
 
 OCC, Interpretive Letter No. 932 (Aug. 17, 2001); OCC, Interpretive Letter No. 933 (Aug. 17, 2001); OCC, Interpretive Letter 934 (Aug. 20, 2001); OCC, Interpretive Letter No. 1094 (Feb. 27, 2008). Thus, even assuming
 
 arguendo
 
 that section 655.85 of the Florida Statutes prohibits the Bank from charging convenience fees, said prohibition would be preempted by federal law.
 
 See Wells Fargo Bank of Texas, N.A. v. James, 321 F.3d 488 (5th Cir.2003
 
 Xholding that a Texas statute, which required banks to settle checks drawn on it against an account at par, was pre-empted because the state statute prohibited the exercise of a power expressly granted to national banks by federal law);
 
 Baptista v. JP Morgan Chase Bank, N.A.,
 
 2010 WL 2342436 (M.D.Fla. June 4, 2010)(holding that section 655.85 of the Florida Statutes is pre
 
 *811
 
 empted by federal law). Accordingly, the trial court did not err by dismissing Britt’s complaint.
 

 AFFIRMED.
 

 LAWSON and EVANDER, JJ„ concur.
 

 [1]
 

 . Section 655.85 of the Florida Statutes (2008) provides:
 

 655.85 Settlement of checks.
 

 [[Image here]]
 

 Whenever any check is forwarded or presented to an institution for payment, except when presented by the payee in person, the paying institution or remitting institution may pay or remit the same, at its option, either in money or in exchange drawn on its reserve agent or agents in the City of New York or in any reserve city within the Sixth Federal Reserve District; however, an institution may not settle any check drawn on it otherwise than at par. The provisions of this section do not apply with respect to the settlement of a check sent to such institution as a special collection item.